IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JAMES M. DUNLAP<br><br>      Plaintiff,<br><br>v.<br><br>COTTMAN TRANSMISSIONS, LLC<br><br>and<br><br>TODD P. LEFF<br><br>      Defendants. | Civil Action No. 2:11-cv-272-AWA-DEM |

## PLAINTIFF JAMES M. DUNLAP'S MEMORANDUM IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME

Plaintiff, James M. Dunlap, by counsel, has moved this court pursuant to Rule 6(b)(1)(B) of the *Federal Rules of Civil Procedure* to extend the time in which he may file an opposition to defendants' Motion to Dismiss. The opposition is attached to this Memorandum. In support of this motion, Plaintiff avers as follows:

1. This case was filed by James M. Dunlap, *pro se*, in the Circuit Court for Chesapeake, Virginia. It was served on the defendants in late April 2011, and was removed to this court on May 18 of this year.

2. On May 25, defendants, Cottman Transmissions Systems, LLC and Todd P. Leff, by counsel, filed a motion to dismiss the claims against them. After that motion was filed, Mr. Dunlap asked W. Michael Holm, Esq., of Williams Mullen to act as his counsel in responding to the motion. Mr. Holm first entered his appearance on Friday, June 3, 2011, by filing a jury demand, pursuant to Rule 38, F.R.C.P.

3. In determining when a response to the motion to dismiss was due, counsel relied upon the Roseboro warning that had been furnished to Mr. Dunlap when the motion was filed. That notice provided that a responsive pleading was due within 21 days of the date the motion was filed. That 21 day period expires on June 15, 2011.

4. Counsel then reviewed the Local Rules of this Court to determine whether that time limit was altered if counsel was engaged to represent the *pro se* litigant. Nowhere in the Local Rules or in the Federal Rules of Civil Procedure could counsel find any language addressing that circumstance. Accordingly, counsel reasonably believed that the response was due 21 days after the motion to dismiss was filed as provided in the Roseboro warning.

5. On the morning of June 15, counsel received a telephone call from Mary Winstead of the Clerk's office informing him that the time for filing a responsive pleading had expired and that the matter was to be submitted to a district judge without opposition, unless counsel chose to file a motion to extend time. This was the first time counsel had any indication that, on behalf of Mr. Dunlap, he did not have 21 days to respond as provided in the Roseboro warning. Indeed, had counsel been able to determine from reviewing the rules that a shorter period would have applied, once counsel was retained, he would have reached out to defense counsel and requested some additional time within which to respond. Counsel's practice in this area has always been to grant similar extensions when requested and only in one case has that request ever been turned down when counsel, himself, made the request.

6. In counsel's thirty year career practicing law, counsel has never been engaged by someone who filed a claim *pro se,* and entered an appearance after a case was pending in this Court. Accordingly, counsel had no basis to believe that any interpretation of the rules other than adhering to the time limits set forth in the Roseboro warning was appropriate.

7. As can be seen from the Opposition to Defendants' Motion to Dismiss, attached as **Exhibit A**, counsel has devoted significant time to preparing an opposition, which in good faith, he submits is meritorious. Counsel's good faith belief was that the deadline for filing an opposition was June 15, the day this Motion and the Opposition are being filed. It appears, according to Ms. Winstead, that the Clerk's office believes the deadline was June 8.

8. Counsel has acted wholly in good faith in believing this to be the appropriate date for filing. This delay is in no way the fault of Mr. Dunlap. Counsel submits that if his interpretation of the timing associated with the deadline for filing was incorrect, it was based upon a good faith reading of the Local Rules. Nowhere has Counsel encountered any rule that counsels otherwise.

**ARGUMENT**

Rule 6, F.R.C.P. provides that a court may extend the time for filing after the time has expired where the time is based upon excusable neglect. Rule 6(b)(1)(B). If the clerk's office is correct with respect to the time by which the opposition to the Defendants' Motion to Dismiss was to be filed is correct, then counsel submits that excusable neglect has been shown. On the other hand, given the absence of any clarification in the Local Rules with respect to this issue, if counsel is correct in his interpretation, then the opposition is being timely filed.

In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993) the Supreme Court addressed the test for "excusable neglect". The Court concluded that:

> The determination at bottom is an equitable one, taking into account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceeding, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

In *Gilyard v. Northway Foods, Inc.*, 367 F. Supp.2d 1008 (E.D.Va. 2005), this Court confronted a situation similar to that extant. In that case, plaintiff's opposition to a motion to dismiss was filed one day late accompanied by a motion for an enlargement of time where the neglect was a failure to appropriately calculate when a response was due. This Court noted in that instance, as here, that counsel had acted in good faith, that there was no prejudice to the defendants by receiving the opposition several days late and that the minimal delay did not affect judicial proceedings. The same factors are at play here.

This delay results from a good faith interpretation of Local Rule 7(K) which provides a longer time within which to file a response for a *pro se* party. That Rule does not speak to the situation where once a motion is filed, counsel is then engaged to file a response. Such a good faith interpretation as occurred here should satisfy the excusable neglect standard. Indeed, there has been no bad faith, the length of delay here is one week at most and there is no prejudice to the opposing party by allowing this opposition to be filed.

As was the case in *Gilyard*, Plaintiff requests that this Court grant his motion and deem the Opposition to Motion to Dismiss attached hereto as **Exhibit A**, timely filed.

James M. Dunlap<br>
By Counsel

_____/s/_____
W. Michael Holm (Va. Bar No. 21035)
Williams Mullen, P.C.
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
703-760-5200 (phone)
703-748-0244 (fax)
mholm@williamsmullen.com

Stephan E. Anthony (Va. Bar No. 78246)
Williams Mullen, P.C.
999 Waterside Drive, Suite 1700
Norfolk, VA 23510
757-622-3366 (phone)
757-629-0660 (fax)
santhony@williamsmullen.com

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that on the 15th day of June, 2011, a copy of the foregoing document was filed with the Clerk of the Court via the CM/ECF system, which sent notification to the following parties:

James C. Rubinger (Va. Bar No. 20137)
Benjamin B. Reed (Va. Bar No. 78190)
Plave Koch, PLC
12355 Sunrise Valley Drive, Suite 230
Reston, VA 20191

_____/s/_____
W. Michael Holm (Va. Bar No. 21035)
Williams Mullen, P.C.
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
703-760-5200 (phone)
703-748-0244 (fax)
mholm@williamsmullen.com
Counsel for James M. Dunlap

15263743_1.DOC