IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

AAMCO TRANSMISSIONS, INC.,

                 Plaintiff,

v.

JAMES M. DUNLAP,

                 Defendant/
                 Counterclaimant.

Civil Action No. 07-00562 (TJS)

---

## AMENDED COUNTERCLAIM
## OF COUNTERCLAIMANT JAMES M. DUNLAP

Counterclaimant James M. Dunlap incorporates his answer and affirmative defenses as set forth herein, and hereby counterclaims against AAMCO Transmissions, Inc. as follows:

1. On March 8, 2006, Cottman Transmission merged with AAMCO Transmissions, Inc. (hereinafter jointly referred to as "ATI").

2. Since the acquisition of AAMCO Transmissions, Inc. by Cottman, Cottman has systematically consolidated and/or eliminated the number of AAMCO franchisees and Cottman franchisees in a given local market.

3. In a March 2006 meeting attended by counterclaimant Dunlap, Todd Leff -- the president of ATI and former president of Cottman, announced that in the Virginia market serviced by counterclaimant Dunlap there were 18 AAMCO centers servicing 1.6 million cars.

4. Mr. Leff further announced that ATI had determined that there was a need in the market for only one AAMCO center per 100,000 cars.

5. Mr. Leff concluded that ATI had determined that there were 2 AAMCO centers too many in the market.

6. Shortly after the meeting, ATI improperly and without justification targeted counterclaimant Dunlap's Portsmouth Center and Chesapeake Center for termination as ATI franchises.

7. In pursuit of its wrongful plans to terminate the Portsmouth Center and Chesapeake Center, ATI sent letters to counterclaimant Dunlap alleging that he was not in compliance with the respective franchise agreements and demanding that he cure his alleged non-compliance or risk termination as an authorized franchise.

8. In response to the ATI letters, counterclaimant complied fully with the demands made in the ATI letters and remained in compliance with the terms and conditions of the franchise agreements.

9. Despite counterclaimant Dunlap's compliance with the franchise agreements, ATI improperly and without legal right or cause purportedly terminated the franchise agreements effective as of June 9, 2006.

10. ATI's purported termination of the franchise agreements was improper and constitutes a material breach of the franchise agreements by ATI.

11. As a result of ATI's material breach of the franchise agreements, counterclaimant Dunlap has suffered and continues to suffer economic harm and harm to his business reputation and loss of goodwill.

12. Despite the alleged termination of the Portsmouth Center and Chesapeake Center in June 2006, ATI continued to treat Dunlap as an authorized franchisee under the agreements through September 2006.

13. Some time in October, 2006 (approximately 3 months after the alleged termination), ATI ceased providing counterclaimant Dunlap with the rights and services he is entitled to under the franchise agreements.

14. Some time in October, 2006, ATI ceased providing counterclaimant Dunlap with access to the technical assistance hot line to which he is entitled under the franchise agreements.

15. Some time in October, 2006, ATI ceased acknowledging the amounts due and owing to counterclaimant Dunlap for franchise fees and for work Dunlap performed on Fleet contracts, which work is billed directly by ATI and with reimbursements due and owing to Counterclaimant.

16. ATI has also wrongfully denied counterclaimant Dunlap access to ATI advertising, including the placement of ads in the various Yellow Pages, which has significantly harmed Counterclaimant's business by reducing the number of customers and creating the impression in the market that counterclaimant Dunlap is not an authorized AAMCO franchise.

17. ATI has also improperly allowed a former Cottman Center, which center is located less than a mile from the Portsmouth center, to convert to an AAMCO center over the objection of counterclaimant Dunlap in the Spring of 2006.

18. The conversion of the former Cottman center to a competing AAMCO center has improperly and wrongfully allowed ATI and the new AAMCO center's owner to benefit from the 28 years of goodwill created solely by counterclaimant Dunlap.

## COUNT I
## BREACH OF FRANCHISE AGREEMENTS

19. Paragraphs 1 through 18 of this counterclaim are incorporated herein by reference, as if set forth again in full.

20. As described above, ATI is in material breach of the franchise agreements in effect at the Portsmouth Center and the Chesapeake Center.

21. As a result of ATI's material breach of the franchise agreements, counterclaimant Dunlap has suffered and continues to suffer harm.

22. ATI is liable to counterclaimant Dunlap for all harm caused by ATI's material breach of the franchise agreements in the amount to be determined at trial.

WHEREFORE, James M. Dunlap respectfully requests judgment in his favor and against defendant AAMCO Transmissions, Inc. in the amount to be determined at trial, plus costs of suit and such other and further relief as this Court may deem proper.

## COUNT II
## BREACH OF CONTRACT

23. Paragraphs 1 through 22 of this counterclaim are incorporated herein by reference, as if set forth again in full.

24. ATI alleges that it is owed approximately $41,641.70 from counterclaimant Dunlap in AON Warranty Group premiums.

25. Said amounts were allegedly owed more than four years ago and, therefore, are barred by the applicable statute of limitations.

26. However, to the extent that ATI could establish the right to any amounts purportedly owed for AON Warranty Group premiums, ATI is indebted to

counterclaimant Dunlap in the amount of $60,000 for unpaid AON Warranty Group claims properly submitted by counterclaimant Dunlap.

27. ATI is in breach of its obligations to reimburse counterclaimant Dunlap in the amount of $60,000.

28. As a result of ATI's breach, counterclaimant Dunlap has been injured in the amount of $60,000.

29. ATI is liable to counterclaimant Dunlap in the amount of $60,000.

WHEREFORE, James M. Dunlap respectfully requests judgment in his favor and against defendant AAMCO Transmissions, Inc. in the amount of $60,000, plus costs of suit and such other and further relief as this Court may deem proper.

## COUNT III
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

30. Paragraphs 1 through 29 of this counterclaim are incorporated herein by reference, as if set forth again in full.

31. ATI is bound by the terms and conditions of the franchise agreements with counterclaimant Dunlap.

32. ATI is also bound by the terms and conditions of the Market Development Program, which program, among other things, allows franchisees to object to the establishment of new AAMCO franchises in a market or zone.

33. As described above, ATI is in breach of its obligations owed to counterclaimant Dunlap under the franchise agreements and Market Development Program and, therefore, is in breach of the implied covenant of good faith and fair dealing under Pennsylvania law.

34. Despite counterclaimant Dunlap's rights under the franchise agreements and the Market Development Program, ATI terminated his franchises without good cause and in furtherance of its scheme to convert existing Cottman transmission centers in the Portsmouth and Chesapeake markets into AAMCOs.

35. ATI then further breached the franchise agreements and its duty of good faith and fair dealing by sending purported post-termination, termination letters to counterclaimant Dunlap asserting that even if the purported terminations in June 2006 were not proper, ATI was nonetheless exercising its alleged right to terminate by not renewing the franchise agreements.

36. As a direct result of ATI's breach of the implied covenant of good faith and fair dealing, as well as its failure to act with commercial reasonableness, counterclaimant Dunlap has suffered and continues to suffer harm.

37. ATI is liable to counterclaimant Dunlap for all harm caused by ATI's breach in the amount to be determined at trial.

WHEREFORE, James M. Dunlap respectfully requests judgment in his favor and against defendant AAMCO Transmissions, Inc. in the amount to be determined at trial, plus costs of suit and such other and further relief as this Court may deem proper.

LUNDY, FLITTER, BELDECOS & BERGER, P.C.

By: /s/ C. Scott Spear
Phillip D. Berger, Esquire (58942)
C. Scott Spear (77642)
450 N. Narberth Avenue
Narberth, Pennsylvania 19072
(610) 668-0770
(610) 667-0552(F)

Attorneys for Defendant/Counterclaimant

Dated: April 3, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC., <br><br> Plaintiff, <br> v. <br><br> JAMES M. DUNLAP, <br><br> Defendant. | Civil Action No. 07-00562 (TJS) <br><br><br> **PROOF OF SERVICE** |

I, C. Scott Spear, Esquire, hereby certify that a true and correct copy of foregoing Amended Counterclaim was served this date upon the following parties by first class mail, postage prepaid:

William B. Jameson, Esquire
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044

Attorney for Plaintiff

LUNDY, FLITTER, BELDECOS & BERGER, P.C.

By: /s/ C. Scott Spear
C. Scott Spear
450 N. Narberth Avenue
Narberth, Pennsylvania 19072
(610) 668-0770
(610) 667-0552(F)

Attorneys for Defendant/Counterclaimant

Dated: April 3, 2007