**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED
NOV 7 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMES M. DUNLAP,

    Plaintiff,

v.                                ACTION NO. 2:11cv272

COTTMAN TRANSMISSION
SYSTEMS, LLC and
TODD P. LEFF,

    Defendants.

## DISMISSAL ORDER

Plaintiff's Complaint alleges that Defendants tortiously interfered with Plaintiff's contracts and contractual expectancies and that they conspired to injure Plaintiff's business. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which Plaintiff responded. For the reasons below, the Court will grant Defendants' Motion to Dismiss.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 549 U.S. 199, 215 (2007); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

Count I of the Complaint asserts a violation of Virginia's business conspiracy statutes, Va. Code §§ 18.2-499 and 500, which together provide a civil cause of action to a plaintiff who has been damaged by "two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever." This broad language has been limited by case law such that: "to survive demurrer, an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose." Station #2, LLC v. Lynch, 280 Va. 166, 173, 695 S.E.2d 537, 541 (2010). Or, in simpler terms, "there can be no conspiracy to do an act the law allows." Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985).

Defendants argue that Count I should be dismissed because Plaintiff failed to allege an unlawful act or purpose. None of the acts Plaintiff complains about are independently tortious. Defendants thus claim that what Plaintiff has alleged is, at most, a conspiracy to breach a contract. A conspiracy to breach a contract is not actionable under Station #2, which held that a "conspiracy merely to breach a contract that does not involve an independent duty arising outside the contract is insufficient to establish a civil claim under Code § 18.2–500." 280 Va. at 174. The Virginia Supreme Court reasoned that:

> [n]on-performance of a contractual promise does not, without more, create a basis for recovery in tort. Likewise, we do not believe it can rise to the level of an 'unlawful act' under Code § 18.2–500 for a similar reason: the duty of performance under the contract springs solely from the agreement; the duty is not imposed extrinsically by statute, whether criminal or civil, or independently by common law. Thus, non-performance, without more, is not an 'unlawful act.'

Id. It further noted, "[t]o permit a mere breach of contract to constitute an 'unlawful act' for the

purposes of the conspiracy statute would be inconsistent with the diligence we have exercised to prevent 'turning every breach of contract into an actionable claim for fraud.'" Id.

Plaintiff agrees with this legal proposition, but attempts to thread the needle by stressing that his claim does not allege that Defendants conspired to breach contracts to which they were parties. Instead, Plaintiff claims Defendants conspired to tortiously interference with contracts to which they were not parties, such as Plaintiff's contract with AAMCO and Plaintiff's potential contracts with customers. To satisfy the requirement that a plaintiff invoke a duty independent of a duty arising from contract, Plaintiff cites Defendants' "common law duties not to interfere with his contract."

A similar claim was considered in Zurich Am. Ins. Co. v. Turbyfill, No. 7:10cv282, 2010 WL 4065527 (W.D. Va. Oct. 15, 2010). The plaintiff claimed that defendants had violated the business conspiracy statute because they had tortiously interfered with its contracts. Zurich noted that "supporting a conspiracy claim with an allegation of tortious interference not only runs the risk of contravening the Virginia courts' long-standing distaste for 'turning every breach of contract into an actionable [tort] claim,' Station # 2, 695 S.E.2d at 541, but is also unavailable to Zurich in the case at bar, given that it has failed to state a claim against [Defendant] for tortious interference with Zurich's customer contracts. Given that the plaintiff has not sufficiently alleged that the defendants conspired to breach any duty independent of the Employment Agreement, the court concludes that Station # 2 controls the result in this case." Id. at *7. Zurich thus dismissed the business conspiracy claim, and this Court follows that reasoning. Permitting allegations of alleged contractual interference (that, in this case, are time-barred as explained subsequently) to serve as the requisite unlawful act for purposes of the business conspiracy statute would turn what should be contractual claims into a tort and would result in an evasion of the applicable limitations period. All of the

duties involved in this case arise out of and the damages flow from contractual obligations,[1] not from obligations relating to the safety of persons or property. Count I should therefore be dismissed.

Counts II and III assert claims of tortious interference with contract and with a contractual expectancy. Defendant argues that these counts are subject to a two-year statute of limitations period pursuant to Va. Code Ann. § 8.01-248, and that the counts are time-barred. The Court agrees with the reasoning of Unlimited Screw Prods., Inc. v. Malm, 781 F. Supp. 1121, 1127-28 (E.D. Va. 1991), and Saleh v. Virginia State Univ., No. 3:97cv460, 1999 WL 34798179, at *27 (E.D. Va. Feb. 25, 1999), which each found a two-year limitations period applicable to tortious interference claims. The Court of Appeals for the Fourth Circuit affirmed Saleh's dismissal of the tortious interference count as time-barred "on the reasoning of the district court." Saleh v. Upadhyay, 11 Fed. Appx. 241, 263, 2001 WL 585085, *7 (4th Cir. May 31, 2001).

The Court has considered the district court cases finding a five-year limitations period applicable to tortious interference claims and the cases cited in support of that position, including specifically Worrie v. Boze, 198 Va. 533, 95 S.E.2d 192 (1956). The Court concludes that Virginia law has evolved since the Virginia Supreme Court issued Worrie. The Virginia Supreme Court's recent decision in Station #2, LLC v. Lynch, 280 Va. 166, 695 S.E.2d 537 (2010), abrogated Worrie,[2]

---

[1] Plaintiff claims that AAMCO breached its agreement with him as a result of Defendants' acts.

[2] In Station #2, the Virginia Supreme Court recognized that Worrie had approved a common law claim of conspiracy by a plaintiff who alleged the defendants had conspired to procure the breach of a contract. Id. at 174. Station #2 noted that, in a case subsequent to Worrie, the Virginia Supreme Court had held that such claims were covered by the Virginia business conspiracy statute. Despite this history, Station #2 held, "we are presently of the opinion that a conspiracy merely to breach a contract that does not involve an independent duty arising outside the contract is insufficient to establish a civil claim under Code § 18.2-500 [the Virginia business conspiracy statute]."

and Virginia law no longer supports the proposition that a tortious interference claim should be regarded as an injury to property that would be subject to a five-year limitations period under Va. Code § 8.01-243(B). For example, the Virginia Supreme Court recently noted:

> We have previously held that an allegation of nothing more than disappointed economic expectations does not amount to an injury to property. Rather, the law of contracts provides the sole remedy for such a loss. Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988). Moreover, we stated in Pigott, that if the property is in the same condition and available for the same use after the defendant's actions as before, the alleged wrongs were directed at the plaintiffs personally rather than at their property. 231 Va. at 81, 341 S.E.2d at 182.

Willard v. Moneta Bldg. Supply, Inc., 262 Va. 473, 480, 551 S.E.2d 596, 599 (2001). Here, Plaintiff's contention is that the "profitability of his business" was reduced by Defendants' actions. Plaintiff's disappointed economic expectations do not constitute an injury to property, and thus Va. Code § 8.01-248 provides a two-year limitations period. Plaintiff's case was filed in state court on April 29, 2010.[3] Plaintiff's Complaint itemizes actions of Defendants and events that occurred prior to April 29, 2008. None of the specified acts occurred after 2008.[4] Therefore, Counts II and III are time-barred.

The Court therefore **GRANTS** Defendants' Motion to Dismiss.

Plaintiff is advised that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within

---

[3] The action was not served upon Defendants until approximately one year after its filing.

[4] Plaintiff claims that he continued to sustain damage into 2010 (when he elected to cease operating his franchise in Portsmouth), but the first injury was sustained long before. See Va. Code § 8.01-230 (providing that "in the case of injury to the person or damage to property," the limitations period runs from the "date the injury is sustained" or when "the breach of contract occurs" and not when the "resulting damage is discovered").

thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to counsel for Plaintiff and Defendants.

IT IS SO **ORDERED**.

/s/ *[signature]*
Arenda L. Wright Allen
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 4, 2011