<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-2327

JAMES M. DUNLAP,

   Plaintiff - Appellant,

 v.

COTTMAN TRANSMISSIONS SYSTEMS, LLC; TODD P. LEFF,

   Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda Wright Allen, District Judge. (2:11-cv-00272-AWA-DEM)

Argued: May 14, 2013           Decided: June 24, 2014

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme Court of the United States, sitting by designation, and WYNN and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED**: Crystal M. Johnson, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Appellate Litigation Clinic, Athens, Georgia, for Appellant. James C. Rubinger, PLAVE KOCH PLC, Reston, Virginia, for Appellees. **ON BRIEF**: Peter B. Rutledge, Paula Briceno, Brittany Cambre, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Appellate Litigation Clinic, Athens, Georgia, for Appellant. Benjamin B. Reed, PLAVE KOCH PLC, Reston, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

    The background of this case is discussed in more detail in our prior order.  See Dunlap v. Cottman Transmission Sys., LLC, 539 Fed. Appx. 69 (4th Cir. 2013).  James Dunlap, the plaintiff-appellant, has operated two AAMCO Transmissions, Inc. franchises in Virginia for over 30 years.  Cottman Transmission Systems, LLC, the first defendant-appellee, is an AAMCO competitor.  Todd Leff, the second defendant-appellee, became the president of AAMCO when it was acquired by an asset-management company that also held a large interest in Cottman.  Dunlap alleges that Cottman and Leff, along with some of his local competitors, including Joseph Truskowski and Robert Biller, conspired to force him out of business.  He maintains that their actions resulted in irreparable harm to his business because it was deprived of marketing benefits that typically flow from a franchise agreement.  Accordingly, Dunlap's complaint names Cottman and Leff as defendants in a suit for: (1) violation of Virginia's business conspiracy statute, Va. Code §§ 18.2-499, 18.2-500, (2) tortious interference with contract, and (3) tortious interference with business expectancy.

    The district court dismissed Dunlap's suit.  With respect to the statutory business conspiracy claim, it concluded that Dunlap had failed to allege a valid "unlawful act" as a predicate for the conspiracy because neither tortious

2

interference with contract nor tortious interference with business expectancy qualifies as such an act. And with respect to the common law tortious interference claims, the district court determined that they were untimely because Virginia's two-year statute of limitations for suits for personal injury, Va. Code § 8.01-243(A), governs them, not Virginia's five-year statute of limitations for suits for injury to property rights, Va. Code § 8.01-243(B).

Recognizing that Dunlap's challenge to the district court's decision turns on the correct interpretation of Virginia law, we certified to the Supreme Court of Virginia, pursuant to its Rule 5:40, the following questions:

1. May a plaintiff use tortious interference with contract or tortious interference with business expectancy as the predicate unlawful act for a claim under the Virginia business conspiracy statute, Va. Code §§ 18.2-499, 18.2-500?

2. Does a two-year or five-year statute of limitations apply to claims of tortious interference with contract and tortious interference with business expectancy under Va. Code § 8.01-243?

Dunlap, 539 Fed. Appx. at 70.

The Supreme Court of Virginia accepted our certification request and answered both questions. See Dunlap v. Cottman

3

Transmission Sys., LLC, 287 Va. 207 (2014). With respect to the first question, it "examine[d] the nature" of the tortious interference with contract and tortious interference with business expectancy causes of action and determined that they "are intentional torts predicated on the common law duty to refrain from interfering with another's contractual and business relationships." Id. at 216, 218. Because "[t]hat duty does not arise from the contract itself but is, instead, a common law corollary of the contract," the Court held that both causes of action "qualify as the requisite unlawful act to proceed on a business conspiracy claim under [Va.] Code §§ 18.2-499 and -500." Id. at 211, 218.

With respect to the second question, the Supreme Court of Virginia determined that "[t]he dispositive issue is whether tortious interference with contract and tortious interference with business expectancy allege injury to property." Id. at 219. Pointing to the requirement in both causes of action of "intentional interference inducing or causing a breach or termination of the contractual relationship or business expectancy," the Court reasoned that "[s]uch interference is directed at and injures a property right, i.e., the right to performance of a contract and to reap profits and benefits not only from the contract but also from expected future contracts or otherwise advantageous business relationships." Id. at 221.

4

Accordingly, it held that "the five-year statute of limitations in [Va.] Code § 8.01-243(B) applies to both tortious interference with contract and tortious interference with business expectancy." Id. at 222.

In light of the Supreme Court of Virginia's answers to the certified questions, it is now clear that the district court's dismissal of Dunlap's statutory business conspiracy and common law tortious interference claims on the grounds stated in its opinion is incorrect.

Cottman and Leff, however, advance an additional ground for affirming the district court's dismissal of one of Dunlap's claims -- the statutory business conspiracy claim. They contend that Dunlap cannot prevail on that claim because he alleges a conspiracy between AAMCO, Cottman, and Leff, all of whom are legally incapable of conspiring with each other under the intracorporate immunity doctrine. Since we may affirm a district court's dismissal of a claim "on the basis of any ground supported by the record even if it is not the basis relied upon by the district court," Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999), we consider Cottman and Leff's contention here.

The intracorporate immunity doctrine originates in antitrust law and holds that a corporation cannot, with certain exceptions, conspire with its officers, wholly-owned

5

subsidiaries, and commonly-owned affiliates.  See Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769, 771 (1984); Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 146 (4th Cir. 1990).  We need not decide whether the doctrine applies to claims under Virginia's business conspiracy statute because Dunlap does not limit his conspiracy allegation to AAMCO, Cottman, and Leff.  Rather, his complaint alleges that Cottman and Leff "along with AAMCO, Truskowski and Biller conspired with each other to injure Dunlap in his businesses." J.A. 20.  That allegation brings the claim outside the intracorporate immunity doctrine because Truskowski and Biller, Dunlap's local competitors, lack the requisite relationship to AAMCO, Cottman, and Leff.

    We therefore vacate the district court's judgment dismissing Dunlap's suit and remand for further proceedings.

VACATED AND REMANDED