UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES M. DUNLAP

       Plaintiff,

                                                    Civil Action 2:11CV272

COTTMAN TRANSMISSIONS SYSTEMS, LLC

And

TODD P. LEFF

       Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff James M. Dunlap, by counsel, respectfully submits this Memorandum in Support of his Response to Defendants Motion for Summary Judgment.

## Argument

Defendant asserts in pertinent part that Summary Judgment should be granted on three grounds: First that the Plaintiffs claims are barred by the doctrine of Res Judicata arising from litigation concluded in Pennsylvania. The second ground because Plaintiff cannot support his damage claim through expert testimony. The third ground for Summary Judgment is the alleged relationship between Defendants Cottman, Aamco and Mr. Leff.

**A.  Res Judicata Does Not Bar Plaintiffs Claims.**

Defendants, Cottman and Leff characterize and re-characterize their

1

relationship as convenient. The core of Plaintiffs claims is that as Cottman and Aamco were acquired by common owners they acted to deprive Dunlap of his franchise rights. At different times and for different purposes Cottman and Aamco have alleged that they had "merged", or that they were and remained wholly separate entities. Dunlap maintains, and therefore alleges, that the conduct complained of occurred before, during, and after the alleged merger as orchestrated by Mr. Leff, who was wearing different corporate "hats" at different specific and alleged dates on behalf of Aamco and Cottman.

The Pennsylvania cases (and the 2007 Settlement) dealt solely with conduct of Aamco and certain alleged co-conspirator in the nature of other dealers. The instant case deals with Cottman, a separate legal entity now apparently under common ownership. Nevertheless, actions taken on behalf of Cottman would not have been admissible, or relevant, to Dunlap's claims against Aamco with which he had a franchise contract.

**B. Plaintiff Can Establish The Elements Of His Claims.**

Plaintiff can submit his own business records extending back several years, confirming and establishing the value of the business. In addition, although the Plaintiff would always be competent to opine about the value of his business, applicable franchise agreements and the history of dealing in the business include formulas for valuing the business as a multiple of weekly billings.

Additionally Plaintiff may be able to submit evidence based on such discovery as may be permitted by this Court subsequent to ruling on any motion as may be submitted by Plaintiff's replacement counsel or by Plaintiff Pro Se. (See Doc 55 pending Motion to

Withdraw as Attorney and Motion for Extension of Time File Response/Reply as to Motion for Summary Judgment by James M. Dunlap.) Plaintiff does not believe that Defendants would be prejudiced, by such extension of time.

### C. Defendant's Characterization Of The Relationship Between Cottman And Aamco Do Not Preclude Plaintiffs Actions.

Defendants obliquely raise the intracorporate immunity doctrine alleging that because Cottman and Aamco were, at some point, under common ownership, they could not conspire with each other or Mr. Leff as their agent. In fact, Dunlap's allegations run to more than just the named Defendants and include indisputably separate third parties in the persons of Truskowski and Billar. As noted by Defendants, the Fourth Circuit has already ruled on this point in favor of Plaintiff:

> Cottman and Leff, however, advance an additional ground for affirming the district court's dismissal of one of Dunlap's claims -- the statutory business conspiracy claim. They contend that Dunlap cannot prevail on that claim because he alleges a conspiracy between AAMCO, Cottman, and Leff, all of whom are legally incapable of conspiring with each other under the intracorporate immunity doctrine. Since we may affirm a district court's dismissal of a claim "on the basis of any ground supported by the record even if it is not the basis relied upon by the district court," Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999), we consider Cottman and Leff's contention here.
>
> The intracorporate immunity doctrine originates in antitrust law and holds that a corporation cannot, with certain exceptions, conspire with its officers, wholly-owned subsidiaries, and commonly-owned affiliates. See Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769, 771 (1984); Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 146 (4th Cir. 1990). We need not decide whether the doctrine applies to claims under Virginia's business conspiracy statute because Dunlap does not limit his conspiracy allegation to AAMCO, Cottman, and Leff. Rather, his complaint alleges that Cottman and Leff "along with AAMCO, Truskowski and Biller conspired with each other to injure Dunlap in his businesses."

> J.A. 20 . That allegation brings the claim outside the intracorporate immunity doctrine because Truskowski and Biller, Dunlap's local competitors, lack the requisite relationship to AAMCO, Cottman, and Leff.
>
> Doc. 28, filed June 24, 2014, p 5-6 (Sandra Day0'Connor, Associate Justice (Retired}, and Wynn and Diaz, Circuit Judges.)

Neither Leffs Declaration (Doc. 52-2) nor Gregory's Declaration (Doc 52-4) specifiy *when* in 2006 the Cottman/Aamco "merger" was finalized. Additionally, Plaintiff s allegations address both pre-merger and post-merger conduct. Leff/Cottman prepatory efforts to effectuate the merger predate the merger by several months as described in articles reflecting Leff s remarks concerning the merger. (**Exhibits A, B and C**) Those same efforts to merge individual markets and smooth out wrinkles and crowded locations within those markets continued after the merger. Evidence of this conduct should not be excluded merely because of the formalistic exchange of sale/purchase instruments.

Two of the three cases cited by Defendants, concerned collusion to monopolize the marketplace, that is activities among or between previously established entities and markets. The third, Scott & Stringfellow, LLC may not be applicable, depending on the specific corporate relationship between Cottman and Aamco as may be provided at trial. Again, as the Fourth Circuit noted, third parties are implicated in Plaintiff's allegations as part of the alleged conspiracy.

In contrast, Plaintiffs allegations address the genesis of the origin, and formative stages of the entities' relationships and their efforts to reshape their individual markets. The authorities cited by Defendants' are therefore not on point.

Further, Plaintiff alleged independent profit motive of Mr. Leff would place some or all of Leff's conduct outside of the purview of the intracorporate immunity doctrine.  (See Williams v. 5300 Columbia Pike Corp., 891 F. Supp. 1169, 1174 (E.D. Va. 1995 (Alexandria Div))

A narrow exception to the Copperweld doctrine exists for directors or officers who are "acting on their own behalf" as well as for the corporation. Copperweld, 467 U.S. at 770 n. 15, 104 S.Ct. at 2741 n. 15. This exception applies when "the officer has an independent stake in achieving the corporation's illegal motive." Greenville Pub. Co. v. Daily Reflector, Inc., 496 F.2d 391, 399 (4th Cir.1974); See also Buschi v. Kirven, 775 F.2d 1240, 1252 (4th Cir.1985). In other words, the officer or director must have a purpose that is independent of his interest in the corporation's success.

For example, in Greenville Publishing, the panel held that the Defendant newspaper company could be deemed to have conspired with its president to eliminate the Plaintiff's competing newspaper because the president also had an interest in a third newspaper, one that would also have benefitted from elimination of the Plaintiff's business. See 496 F.2d at 400.

As addressed in Leff's Declaration, (Doc 52-2)  the Complaint at Par. 22 alleges additional, independent motives that Leff had to force conversions and elimination of "surplus" franchisees.

WHEREFORE, Plaintiff prays that Defendants' Motion for Summary Judgment be Denied.

>JAMES M. DUNLAP
>By: /s/W. Greer McCreedy, II
>    W. Greer McCreedy, II

## CERTIFICATE OF SERVICE

I hereby certify that I will electronically transmit today, this 19th day of July, 2016, by email a true copy of the foregoing Plaintiffs Memorandum in Support of Response to Defendants' Motion for Summary Judgment at JRubinger@plavekoch.com and to BReed@plavekoch.com and to Plaintiff at AamcoTransmissions78@gmail.com and miltondunlap@netzero.com and by pre-paid U.S. mail, certified, first-class, return receipt requested, at 1312 DeBree Avenue, Norfolk, VA 23517.

>/s/ W. Greer McCreedy, II
>W. Greer McCreedy, II

W. Greer McCreedy, II- VSB #27681
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, VA 23510
Telephone: (757) 233-0045
Fax: (757)233-7661
McCreedy@McCreedyLaw.com
Counsel for Plaintiff