UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JAMES M. DUNLAP,

      Plaintiff,

  v.

COTTMAN TRANSMISSION
SYSTEMS, LLC and TODD P.
LEFF,

      Defendants.

No.  2:11-cv-00272-AWA-LRL

## REPLY IN SUPPORT OF THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### Preliminary Statement

Having filed this case over six years ago, and having received the defendants' motion for summary judgment over six weeks ago, Dunlap could amass only six pages in support of his claims.  More importantly, those six pages include no affidavits and no evidence, other than three inadmissible magazine articles.  Dunlap ignores most of the defendants' legal arguments, and the arguments he does advance are scant and beside the point.   Dunlap has completely failed to meet his burden under Rule 56(e) to come forward with "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986).  Because the facts set forth in the defendants' motion for summary judgment stand undisputed, and the law requires entry of judgment for the defendants on those undisputed facts, the Court should grant the motion in its entirety and dismiss Dunlap's claims with prejudice.

**I.      Dunlap Has Not Met His Burden Under Rule 56.**

Dunlap's response ("Dunlap Resp.") neither addresses nor meets his burden under Fed. R. Civ. P. 56.  The Supreme Court has plainly set forth the burden on a party opposing a motion for summary judgment:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Fed.Rule Civ.Proc. 56(e) (emphasis added).

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  As this court has recognized:

> After a motion for summary judgment is properly made and supported, the opposing party must come forward with specific facts showing that there is a genuine issue for trial.  [*Matsushita*, *supra*, 475 U.S.] at 585.  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex [Corp. v. Catrett]*, 477 U.S. [317,] 322 [(1986)].  "[G]enuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Guinness PLC v. Ward*, 955 F.2d 875, 883 (4th Cir. 1992) (internal quotation marks and citations omitted).  "A 'genuine' issue concerning a 'material' fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor." *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, 587 (E.D. Va. 2006) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [the nonmoving party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Tucker [v. Beneficial Mortgage Co.*], 437 F. Supp. 2d [584,] 587 [(E.D. Va. 2006)] (citing *Celotex*, 477 U.S.at  324).

*Terry v. Henning*, No. 2:13cv118, 2015 WL 11109499 at *5 (E.D. Va. Apr. 20, 2015), *aff'd*, 616 Fed. Appx. 100 (4th Cir. 2015).

Dunlap has "failed to make a showing sufficient to establish" any of his claims, or to overcome the defenses asserted in the motion for summary judgment. He repeatedly mentions things he "can submit", "would be competent to opine about," "may be able to submit," "plaintiff's allegations," and "Dunlap's allegations." He cites to the Complaint, but offers no evidentiary support for any of his allegations. These barebones, unsupported references to facts about which Dunlap "might" (or might not) be able to provide evidence do not satisfy the requirement that Dunlap "present specific facts" that are "admissible in evidence" (Fed. R. Civ. P. 56(c)(2)) in support of his claims.

Dunlap has submitted no admissible evidence to support his claims or to overcome the defenses. He has submitted no affidavits. The sum total of the "evidence" he has submitted are three articles, all of which constitute inadmissible hearsay and do not support the positions he asserts. Dunlap has utterly failed to meet his burden to show specific facts to support his claims and overcome the defenses.

## II. Dunlap's Claims Are Barred By The Prior Lawsuits.

Dunlap's two paragraph response to our showing that his claims are precluded by his prior litigation and settlement of the same claims entirely misses the point, ignores the authorities cited in the Defendants' memorandum, and cites neither evidence nor law in support of his position. He merely argues, without support, authority, or logic, that the prior cases deal only with the conduct of AAMCO and "certain dealers," so "actions taken on behalf of Cottman would not have been admissible, or relevant, to Dunlap's claims against AAMCO with which he had a franchise contract." (Dunlap Resp., p. 2).

3

Dunlap's argument is belied by his own pleadings in the 2007 Lawsuit. On the very first page of his Amended Counterclaim (Ex. 3, ¶ 2), he alleged that "Since the acquisition of AAMCO Transmissions, Inc. by Cottman, *Cottman* has systematically consolidated and/or eliminated the number of AAMCO franchisees and Cottman franchisees in a given local market." (Emphasis added). As we demonstrated in our moving papers, Dunlap's counterclaim goes on to allege precisely the same events he alleges in this case: that after the acquisition of AAMCO by Cottman's owner, Leff announced that there were two centers too many in the market, two Cottman dealers (Billar and Truskowski) were permitted to convert their centers to AAMCO centers, and Dunlap's centers were targeted for termination. The defendants showed in their moving papers in detail that the facts alleged back in 2007 arose out of the same events as the claims in this case, and Dunlap has made no attempt to refute that showing. (Memorandum In Support Of The Defendants' Motion For Summary Judgment ("Defs. Mem."), pp. 8-9, 17 & Ex.19). Dunlap raised those claims in 2007, settled them, released them, and dismissed them with prejudice. He cannot relitigate them in this case.

Furthermore, Dunlap completely ignores the applicable legal standards. Dunlap offers no response to our legal arguments on claim preclusion. As we showed in our moving papers, the standard for identity of claims is "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (en banc). The claims asserted in 2007 (as well as those asserted in 2010 and 2011) arise out of the same events as those alleged in this case. Dunlap does not and cannot dispute that the claims are the same for purposes of claim preclusion.

Dunlap does not mention the other two elements of claim preclusion, and they stand unrefuted: (1) the prior claims resulted in dismissals with prejudice and releases—further

4

litigation of the claims is precluded (Defs. Mem., pp. 13-16); and (2) "same parties or their privities"—the dismissal and release of claims against AAMCO barred litigation of the same claims against Cottman (its wholly owned affiliate) and Leff (its president and CEO). (Defs. Mem., pp. 16-17). Dunlap offers no evidence or authorities to attempt to rebut our showing that claim preclusion bars his claims in this case, and he could not: the undisputed evidence shows that the prior claims bar the assertion of the claims in this case. Summary judgment should be entered dismissing Dunlap's claims on this basis.

**III.     Dunlap Has Not Met His Burden To Present Evidence In Support Of His Claims.**

In our moving papers, we showed that Dunlap could not establish the elements of any of his claims. We met our burden of "'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 477 U.S. at 325. In particular we showed (1) there is no evidence of any breach of contract, which is an element of the claims for tortious interference and under the business conspiracy statute, and we listed the five breaches he alleges that do not constitute a breach of any provision of his agreements; (2) there is no evidence of any tortious interference with a business expectancy; and (3) there is no evidence of damages. (Defs. Mem., pp. 19-23).

In response to this showing, Dunlap was obligated "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id*. at 324. He did not do so. His arguments are paradigmatic examples of what is *not* sufficient:

- "Plaintiff can submit his own business records…" (Dunlap Resp., p. 2);

5

- "Plaintiff would always be competent to opine about the value of his business…"(*Id*.);
- "Plaintiff may be able to submit evidence…"(*Id*.).

What Dunlap can, would, or may be able to do is irrelevant; the time to submit his evidence was in response to our motion for summary judgment. He failed to do so; accordingly, our showings that Dunlap cannot prove any of his claims stand unrefuted. Summary judgment should be entered on this basis as well.

### IV. Dunlap's Arguments About The Intracorporate Immunity Doctrine Are Supported By Neither Facts Nor Law.

Dunlap devotes over half of his response to the intracorporate immunity doctrine, but his arguments are scattershot, unsupported, and simply wrong.

Dunlap quotes, without analysis or even comment, the Fourth Circuit's treatment of this issue in this case, but offers no response to our showing that (1) the Fourth Circuit was considering a motion to dismiss, not a motion for summary judgment; (2) the Fourth Circuit did not have before it the undisputed evidence that both AAMCO and Cottman are wholly owned subsidiaries of the same parent; and (3) the Fourth Circuit's treatment of the issue in its opinion was unnecessary to the result and therefore *dicta* that is not binding on this Court.

Dunlap's argument that the Complaint alleges conduct both before and after the acquisition of AAMCO by ADSI is nonsensical; the Complaint alleges that the harm to him *resulted from* that acquisition (*See, e.g.,* Cplt.¶¶ 14 ("subsequent to ADS' acquisition of its AAMCO stock, Cottman and AAMCO made a decision to begin the process of converting Cottman centers to AAMCO centers")). Whatever may have been discussed pre-acquisition—

and there are neither allegations nor evidence of that—could not have been put into action until the acquisition was consummated.

The articles that Dunlap submits would not help him even if they were admissible. He offers them to show that in interviews about the acquisition, Leff casually referred to "merging the organizations." Despite Dunlap's mischaracterization of the articles, nowhere do they purport to quote Leff as saying that the transaction was a "merger."[1] Dunlap ignores the undisputed evidence that the acquisition resulted in Cottman and AAMCO becoming wholly owned subsidiaries of ADSI; there is no evidence that the corporate structure was anything other than that. The undisputed and irrefutable facts show that Cottman and AAMCO are both wholly owned subsidiaries of ADSI.

The articles are, in any event, inadmissible hearsay. They are statements by the authors—out of court declarants—that Leff made certain statements. The statements of the authors are hearsay: they are out of court statements offered to show the truth of the authors' statements that Leff had used the word "merging." They are not admissible under Rules 801(c) and 802 of the Federal Rules of Evidence.

Dunlap's argument that the "personal stake" exception to the intracorporate immunity doctrine should apply ignores our showings: (1) that both federal courts (including the Fourth Circuit) and state courts have held that Virginia does not recognize the "personal stake" exception with respect to state law claims. (Defs. Mem, p. 27); and (2) that the undisputed

---

[1] While some of the reporters used the word "merger," they do not attribute that word to Leff; and the reporter's statement is not admissible as a lay opinion. Moreover, it is not obvious how the transaction being a "merger" would help Dunlap: if AAMCO and Cottman had merged, the resulting single entity would not be legally capable of conspiring with itself or tortiously interfere with its own contracts.

7

evidence demonstrates that neither Leff nor Cottman had an independent personal stake in the success of the alleged conspiracy--Dunlap has submitted no evidence to refute the evidence we presented that neither Leff nor Cottman had an independent personal stake.  (*Id*.)  Dunlap's citation to his own allegation in the Complaint that Leff had a personal stake in the conversion of Cottman centers to AAMCO centers (Dunlap Resp., p. 5) is not a substitute for the submission of evidence on a motion for summary judgment.

Finally, Dunlap does not address at all our showing that neither Cottman nor Leff could have tortiously interfered with AAMCO's contract with Dunlap.  (Defs. Mem., pp. 23-25).  On that basis alone, the Court should dismiss the tortious interference claims, as well as the business conspiracy claim which alleges tortious interference as its predicate act.

Dunlap has failed to present any evidence or legal analysis to rebut our showing that the relationship among Cottman, Leff, and AAMCO bars his claims.  Summary judgment is appropriate on this basis.

## Conclusion

The defendants have demonstrated that summary judgment must be entered dismissing the Complaint on three bases:  (1) the claims are precluded by Dunlap's prior litigation, settlement, and release of the same claims he asserts in this case; (2) Dunlap has failed to present evidence to establish the elements of any of his claims; and (3) neither Cottman nor Leff is legally capable of conspiring with AAMCO or interfering with AAMCO's contracts because of the relationship among them.  Dunlap has completely failed to present any evidence or any legal

argument to refute any of those showings. The defendants' motion for summary judgment should be granted.[2]

                                            Respectfully submitted,

                                            /s/
                                            James C. Rubinger
                                            Virginia Bar No. 20317
                                            Benjamin B. Reed
                                            Virginia Bar No. 78190
                                            Counsel for Defendants
                                            PLAVE KOCH PLC
                                            12005 Sunrise Valley Drive, Suite 200
                                            Reston, VA  20191
                                            Tel: (703) 774-1208
                                            Fax: (703) 774-1201
                                            jrubinger@plavekoch.com
                                            breed@plavekoch.com

July 26, 2016

---

[2] A separate basis for granting the motion is that Dunlap's response is untimely. The motion for summary judgment was filed on June 2, 2016. Under local rule 7, the response was due on June 16. It was filed on July 19. Dunlap appears to rely on the Court's scheduling order, which set a deadline for summary judgment motions of July 5 and a deadline for responses of July 19. We understand that Order to set a deadline for summary judgment motions, and to set forth the briefing schedule that would apply if the motion is filed on the deadline. We filed our motion more than a month before the deadline, and we do not read the Court's Order to alter the normal briefing schedule that applies under Local Rule 7.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system.

                                                                                    /s/
                                          James C. Rubinger
                                          Virginia Bar No. 20317
                                          Counsel for Defendants
                                          PLAVE KOCH PLC
                                          12005 Sunrise Valley Drive, Suite 200
                                          Reston, VA  20191
                                          Tel:  (703) 774-1208
                                          Fax:  (703) 774-1201
                                          jrubinger@plavekoch.com