IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES M. DUNLAP,

    Plaintiff,

v.                                                                Civil Action No. 2:11cv272

COTTMAN TRANSMISSIONS
SYSTEMS, LLC, and TODD P. LEFF,

    Defendants.

## ORDER

Before the Court is a Motion for Summary Judgment (ECF No. 52) filed by Cottman Transmission Systems, LLC, ("Cottman") and Todd P. Leff (collectively, "Defendants"), and a Motion to Withdraw and for Extension of Applicable Deadlines (ECF No. 55) filed by William McCreedy, counsel for Plaintiff James M. Dunlap. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**. Mr. McCreedy's Motion to Withdraw and for an Extension of Deadlines is **DENIED** as moot.

### Procedural History

In April 2011, Mr. Dunlap filed his Complaint against Defendants in the Circuit Court for the City of Chesapeake, Virginia. ECF No. 1. The Complaint alleged violations of the Virginia Business Conspiracy Statute, tortious interference with contract, and tortious interference with business expectancy on behalf of Defendants Mr. Leff and Cottman.

Mr. Leff was served with the Complaint on April 28, 2011, and Cottman was served on April 30, 2011. Defendants filed their Notice of Removal, and the action was removed to this Court.

Defendants filed a Motion to Dismiss based on Plaintiff's alleged failure to state a claim,

and this Court's purported lack of personal jurisdiction over Mr. Leff. After the issue was fully briefed, this Court issued an Order granting Defendants' Motion to Dismiss. The Court's ruling was based solely on Plaintiff's alleged failure to state a claim, and did not address Mr. Leff's personal jurisdiction argument.

Plaintiff appealed, and the matter was brought before the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit recognized that Plaintiff's challenge to this Court's ruling was dependent upon an interpretation of Virginia law, and it certified questions to the Supreme Court of Virginia. The Supreme Court of Virginia provided answers and, relying upon the underlying analysis, the Fourth Circuit vacated the judgment of this Court and remanded for further consideration. ECF No. 29.

Mr. Leff renewed his previous Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 39. The Court denied Mr. Leff's Motion. ECF No. 45. Defendants then filed their Motion for Summary Judgment. ECF No. 52.

## Factual Background

This case involves a dispute between Plaintiff and various parties related to AAMCO Transmissions, Inc. ("AAMCO"), involving AAMCO's attempt to "eliminate certain local franchises with overlapping business areas in Virginia." *See Dunlap v. Cottman Transmissions Sys., LLC*, 539 F. App'x 69, 71 (4th Cir. 2013), *certified question answered sub nom. Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207 (2014).

In 2006, AAMCO was acquired by an asset-management firm that owned a substantial share of Cottman.[1] *Id.* To avoid overlapping franchise coverage, the AAMCO principals

---

[1] Cottman and AAMCO have been wholly-owned subsidiaries of American Driveline Systems, Inc. ("ADSI") since 2006. ECF No. 52-2 ¶ 7; ECF No. 52-4 ¶ 3. In 2004, American Capital Ltd. acquired a controlling interest in Cottman through an entity called Cottman Acquisitions, Inc. ECF No. 52-2 ¶ 6. In 2006, Cottman Acquisitions, Inc. changed its name to ADSI and acquired AAMCO. *Id.* ¶ 7.

2

reconfigured their business model, turning certain Cottman franchises into AAMCO franchises, and closing some AAMCO franchises. *Id.* Due to competing businesses overlapping in eastern Virginia, Mr. Dunlap's two AAMCO franchises were among those selected for closure. *Id.*

Mr. Dunlap challenged these closures. The parties litigated and eventually settled disputes over alleged trademark infringement and wrongful termination of Mr. Dunlap's franchise agreement. *Id.* at 71. The settlement allowed Mr. Dunlap to continue to operate his AAMCO franchises for periods of time. *Id.* However, Mr. Dunlap maintained other claims that "AAMCO tried to terminate his franchises for minor or trumped up violations of their franchise agreements as a pretext to force him out of business." *Id.*

In the instant Complaint, Plaintiff contends that preferential treatment and practices were afforded to other area franchisees in an attempt to eliminate Plaintiff's business locations. Plaintiff's contentions have been summarized as asserting "that the decision to force him out of business was a conspiracy for personal profit among new AAMCO principal Todd Leff, Cottman Transmission Systems, and Dunlap's local competitors who would benefit from his exit." *Dunlap*, 539 Fed. Appx. at 71; ECF No. 1-1. Mr. Dunlap's argues that AAMCO's actions "caused irreparable harm to his business by depriving him of marketing benefits that typically flow from a franchise agreement." *Id.* As noted above, Mr. Dunlap's Complaint identifies Mr. Leff and Cottman as Defendants in an action for: (1) violation of Virginia's business conspiracy statute, (2) tortious interference with contract, and (3) tortious interference with business expectancy. ECF No. 1-1 at 25-30.

---

As a result, ADSI became the sole owner of both AAMCO and Cottman. *Id.* AAMCO and Cottman have been wholly-owned subsidiaries of ADSI at all times since 2006. ECF No. 52-4 ¶ 4.

## Standards of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where, on the basis of undisputed facts, the moving party is entitled to judgment as a matter of law. *Hunter Innovations Co. v. Travelers Indem. Co. of Connecticut*, 753 F. Supp. 2d 597, 602 (E.D. Va. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After a motion for summary judgment is properly made and supported, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 585. Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[G]enuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Guinness PLC v. Ward*, 955 F.2d 875, 883 (4th Cir. 1992) (internal citations omitted). "A 'genuine' issue concerning a 'material' fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor." *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, 587 (E.D. Va. 2006) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

## Analysis

### I. Motion for Summary Judgment

Defendants' Motion for Summary Judgment advances three claims. First, Defendants claim that the instant matter is barred by the doctrine of *res judicata,* or claim preclusion, in view

of Mr. Dunlap's prior litigation of the same claims. Second, Defendants contend that Plaintiff cannot prove the elements of any of his claims and cannot prove damages relating to any of his claims. Last, Defendants assert that they are legally incapable of either tortiously interfering with the contracts between Plaintiff and AAMCO, or conspiring to do so, because Cottman and AAMCO are wholly owned subsidiaries of the same parent company, and Mr. Leff was the former president of Cottman, AAMCO, and their common parent.

### A. The Doctrine of *Res Judicata* Bars Plaintiff's Claims

Mr. Dunlap's claims are barred by the doctrine of *res judicata* because the parties litigated fundamentally similar claims arising from the same cause of action in the United States District Court for the Eastern District of Pennsylvania in 2007, 2010, and 2011. *See AAMCO Transmissions, Inc. v. Dunlap*, No. 07-0562 (E.D. Pa. July 17, 2007) (the "2007 lawsuit"); *AAMCO Transmissions, Inc. v. Dunlap*, No. 2:10-CV-00611-SD (E.D. Pa. Mar. 26, 2010) (the "2010 lawsuit"); and *AAMCO Transmissions, Inc. v. Dunlap*, No. 11-4009-BMS, 2011 WL 3586225 (E.D. Pa. Aug. 16, 2011) (the "2011 lawsuit").

AAMCO filed the 2007 lawsuit against Mr. Dunlap seeking to enforce the termination of Mr. Dunlap's franchise agreements. In that case, Mr. Dunlap asserted counterclaims against AAMCO for breach of contract and for breach of the implied covenant of good faith and fair dealing. ECF No. 52-7. The case settled, and the parties agreed to release each other from all claims, including all claims asserted in the 2007 lawsuit (the "2007 settlement"). ECF No. 52-9. The parties also agreed to dismiss the 2007 lawsuit with prejudice. ECF No. 52-10.

Although the 2007 lawsuit alone invokes the doctrine of *res judicata* as it pertains to this matter, Mr. Dunlap's subsequent lawsuits involving AAMCO further underscore the doctrine's applicability. In the 2010 lawsuit, Mr. Dunlap failed to close his Portsmouth AAMCO center

after the Portsmouth franchise agreement expired in accordance with its terms and with the terms of the 2007 Settlement. ECF No. 52-11. AAMCO filed suit, and that case settled with Mr. Dunlap agreeing to close the Portsmouth center.

Similarly, in the 2011 lawsuit, Mr. Dunlap failed to close his Chesapeake AAMCO center after the Chesapeake franchise agreement expired in accordance with its terms and the terms of the 2007 settlement. ECF No. 52-12. A court ruled in favor of AAMCO, granting a permanent injunction, and holding that the Chesapeake franchise agreement had expired by its terms and in accordance with the 2007 Settlement. *Dunlap*, 2011 WL 3586225 at *11.

When applying the doctrine of *res judicata* to this issue, the Court applies Pennsylvania law to determine the preclusive effect of Mr. Dunlap's prior cases.[2] Under Pennsylvania law, the doctrine of *res judicata* is interpreted as follows:

> 'a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.' *Stevenson v. Silverman*, 417 Pa. 187, 190 (1965), *cert. denied*, 382 U.S. 833 (1966). The purpose of the doctrine of *res judicata* is 'to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation.' *Lebeau v. Lebeau*, 258 Pa. Super. 519, 524 (1978). Given this purpose, the doctrine of *res judicata* must be liberally construed and applied without technical restriction.

*Mintz v. Carlton House Partners, Ltd.*, 407 Pa. Super. 464, 474 (1991) (citing *Hochman v. Mortgage Finance Co.*, 289 Pa. 260 (1927)); *see also Bearoff v. Bearoff Bros.*, 458 Pa. 494 (1974).

The elements of *res judicata* under Pennsylvania law require: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit

---

[2] Pennsylvania law applies to the preclusive effect of the prior cases because those cases were brought in the United States District Court for the Eastern District of Pennsylvania. *Q Int'l Couriers, Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) (preclusive effect of judgment rendered by a federal district court is determined by the law of the state where that federal district court sits).

based on the same cause of action. *See Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra,* 983 F.2d 495, 504 (3d Cir. 1992). The doctrine of claim preclusion bars not only claims actually litigated but also *claims that could have been brought in the prior action. Id.* (emphasis added). Applying the above listed factors, it is clear that *res judicata* bars the instant matter.

First, the 2007, 2010, and 2011 lawsuits each constituted final judgments on the merits. Although the 2007 and 2010 lawsuits settled, a settlement of claims has the same preclusive effect as a litigated judgment under Pennsylvania law. *Barson's & Overbrook, Inc. v. Arce Sales Corp.,* 227 Pa. Super. 309, 312, A.2d 467, 468 (1974) (citing *Sustrik v. J. & L. Steel Corp.,* 413 Pa. 324, 326-327, 197 A.2d 44 (1964)). The 2011 lawsuit involved significant litigation. Mr. Dunlap litigated his claim challenging the propriety of the expiration of the Chesapeake Franchise Agreement, and opposing AAMCO's motions for preliminary and permanent injunctions. The Pennsylvania district court held that the Chesapeake Franchise Agreement had expired by its terms and in accordance with the terms of the 2007 settlement. The court permanently enjoined Mr. Dunlap from continuing to operate the Chesapeake AAMCO center. *Dunlap,* 2011 WL 3586225 at *11.

Second, the 2007, 2010, and 2011 lawsuits involved the same parties or their privies.[3] In these lawsuits, the parties involved were Mr. Dunlap and AAMCO. Mr. Dunlap is now suing Cottman and Mr. Leff. As indicated above, Cottman is an affiliate of AAMCO, which is wholly owned by the same parent company, ADSI. Mr. Leff is the former president and Chief Executive Officer of Cottman, AAMCO, and ADSI. ECF No. 52-2. Because Cottman is an

---

[3] In the context of *res judicata,* "[t]he term 'privity' is used merely as 'a way to express the conclusion that nonparty preclusion is appropriate on any ground.'" *Salerno v. Corzine,* 449 F. App'x 118, 122 (3d Cir. 2011) (citing *Taylor v. Sturgell,* 553 U.S. 880, 894 n.8 (2008)).

7

affiliate of AAMCO, and Mr. Leff was the president of both companies and their parent corporation ADSI, the parties in this matter are in privity with AAMCO. *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 670-71 (E.D. Pa. 2012) (employees, affiliates, and counsel were in privity with original corporate defendants); *see also Zhang v. Southeastern Financial Group, Inc.*, 980 F. Supp. 787, 794 (E.D. Pa. 1997).

Last, the allegations in the 2007 lawsuit arise from the same cause of action asserted in the instant matter. The current Complaint differs from the 2007 counterclaim only in that it alleges the same material facts in greater detail and alleges immaterial facts that took place after the 2007 lawsuit. *Compare* ECF No. 1-1 *with* ECF No. 52-7. These allegations fail to change the nature of Mr. Dunlap's claims to allow them to survive *res judicata*. *See Jackson v. Dow Chemical Co.*, 902 F. Supp. 2d 658, 672 (E.D. Pa. 2012) *aff'd*, 518 F. App'x 99 (3d Cir. 2013) (citations omitted) ("plaintiff's addition of some new facts cannot obscure the 'essential similarity of the underlying events giving rise to the various legal claims.'"). The underlying cause of action that gives rise to Mr. Dunlap's claims in this action is the same cause of action that Mr. Dunlap asserted in his 2007 counterclaim. ECF No. 52-7. *See Munsif v. Am. Bd. of Internal Medicine*, No. 11-5949, 2012 WL 3962671, at *12 (E.D. Pa. Sept. 11, 2012) (citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F. 3d 169, 173 (3d Cir. 2009) ("the fact that a later-filed suit includes new allegations will not prevent preclusion where the allegations involve issues 'fundamentally similar' to those raised in the earlier action.")).

The Court finds that United States District Court for the Eastern District of Pennsylvania issued a final valid judgment on the merits between the same parties or their privies involving the same cause of action complained of in this matter. As such, the doctrine of *res judicata* applies

to this action and Mr. Dunlap is barred from litigating the current claim. Accordingly, Defendants' Motion for Summary Judgment must be granted.

B. Other Grounds for Summary Judgment

Because the Court finds that the doctrine of *res judicata* applies to this matter, the Court need not reach Defendants' additional contentions that: (1) Plaintiff cannot prove the elements of, or damages for, any of his claims; and (2) Defendants are legally incapable of tortiously interfering with the contracts between Plaintiff and AAMCO or conspiring to do so. However, if *res judicata* were inapplicable, the Court notes that these claims would compel the same conclusion: Defendants' Motion for Summary Judgment must be granted.

**II. Motion to Withdraw and for Extension of Applicable Deadlines**

Therefore, the Motion to Withdraw is moot. Because Defendants' Motion for Summary Judgment is granted, the need for counsel's continued appearance in this matter is obviated. Plaintiff's request for an extension of time is also moot because Plaintiff filed a timely response to the Motion for Summary Judgment.

**III. Conclusion**

For the reasons set forth herein, Defendants' Motion for Summary Judgment (ECF No. 52) is **GRANTED**. Plaintiff's Motion to Withdraw and for Extension of Applicable Deadlines (ECF No. 55) is deemed **MOOT**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED**

                                                Arenda L. Wright Allen
                                                United States District Judge

Dated: 10·17, 2016
Norfolk, Virginia